# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**TERESA THOMPSON**                                                                                   **PLAINTIFF**

**V.**                             **No. 4:21-CV-00966-LPR-ERE**

**KILOLO KIJAKAZI, Acting**
**Commissioner of Social Security**                                                    **DEFENDANT**

## RECOMMENDED DISPOSITION

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky. Either party may file written objections to this Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Rudofsky can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

**I.     BACKGROUND**

On November 8, 2018, Ms. Teresa Thompson protectively filed an application for benefits due to a bulging disc, a pinched nerve, tumors on her pelvis, cataracts in both eyes, diabetes, diabetic neuropathy, histoplasmosis in both eyes, glaucoma in her right eye, rheumatoid arthritis, and sarcoidosis. *Tr. 15, 216, 265*. Her claim was denied initially and upon reconsideration.

1

At Ms. Thompson's request, an Administrative Law Judge ("ALJ") held a hearing on September 14, 2020, where Ms. Thompson appeared with her lawyer. The ALJ heard testimony from Ms. Thompson and a vocational expert ("VE"). *Tr. 48-79*. On November 5, 2020, the ALJ issued a decision finding that Ms. Thompson was not disabled. *Tr. 12-30*. The Appeals Council denied Ms. Thompson's request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 4-8*.

Ms. Thompson, who was fifty-four years old at the time of the hearing, has a high school education and has past relevant work experience as an administrative assistant and retail manager. *Tr. 53-55, 58*.

## II. THE ALJ's DECISION[1]

The ALJ concluded that Ms. Thompson had not engaged in substantial gainful activity since November 28, 2017, the alleged onset date. *Tr. 18*. The ALJ also found that Ms. Thompson has the following severe impairments: degenerative disc disease of the lumbar spine (status-post fusion), diabetes mellitus, and essential hypertension. *Id.* However, the ALJ found that Ms. Thompson did not have an

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g); 20 C.F.R. §§ 416.920(a)-(g).

impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 19*.

According to the ALJ, Ms. Thompson had the residual functional capacity ("RFC") to perform less than the full range of light work. The ALJ held that Ms. Thompson was limited to: (1) lifting and carrying 20 pounds occasionally and 10 pounds frequently; (2) standing and/or walking 6 hours in an 8-hour workday; (3) sitting for 6 hours in an 8-hour workday; (4) occasional climbing, stooping, crouching, kneeling, and crawling; (5) work in an inside, climate-controlled environment (no temperature extremes (hot or cold)); and (6) no exposure to smoke, dust, or fumes. *Tr. 20*.

In response to hypothetical questions incorporating the above limitations, the VE testified that there were jobs available with these limitations, including Ms. Thompson's past relevant work as an administrative assistant and retail manager, as that work is generally performed. *Tr. 74*. Accordingly, the ALJ determined that Ms. Thompson was not disabled.

### III.   DISCUSSION

#### A.   Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing

*Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

    **B.**    **Ms. Thompson's Arguments for Reversal**

Ms. Thompson asserts reversal is warranted because the ALJ: (1) failed to consider whether her glaucoma and chronic headaches were medically determinable impairments; (2) failed to consider whether those impairments were severe; and (3) failed to properly evaluate the medical opinions of state agency examiners. After carefully reviewing the record as a whole, the Court recommends that this case be reversed and remanded to the Commissioner for further consideration.

    **1.**    **Headaches and Glaucoma**

At Step Two of the disability analysis, an ALJ must determine whether the claimant has an impairment or combination of impairments that is "severe" and meets the duration requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

A "severe" impairment significantly limits a claimant's ability to perform basic work activities. *Id*. at §§ 404.1520(c), 416.920(c). The claimant bears the burden to demonstrate that she has severe impairments, but the burden is not difficult to meet. *Kirby v. Astrue*, 500 F.3d 705, 707-08 (8th Cir. 2007).

Ms. Thompson testified at the hearing that she suffered from daily severe migraines associated with vision problems, dizziness, and nausea. *Tr. 66*. She told the ALJ that she took a daily prescription pain reliever (Fioricet) to treat her headaches, and that she took two prescription medications (Amitriptyline and Topiramate) each night to prevent her headaches from recurring. *Tr. 70*. Her pharmacy records tend to support this testimony. *Tr. 347-362*. Although Ms. Thompson never saw a specialist for migraines, she repeatedly reported them to her treating doctors. *Tr. 44, 568, 575, 579, 604, 833, 840*. On at least one occasion, Ms. Thompson received an injection to treat her headaches, which her treatment provider noted was "a recurrent problem." *Tr. 599-600*.

Despite Ms. Thompson's testimony and the supportive medical record, the ALJ's opinion makes no mention of migraines or headaches. Ms. Thompson has presented sufficient evidence to support a finding that her headache condition constituted a medically determinable impairment ("MDI"). *See* Social Security Ruling ("SSR") 19–4p: Evaluating Cases Involving Primary Headache Disorders (discussing findings that can establish MDI of primary headache disorder).

Therefore, the ALJ should have explained at Step Two why he declined to recognize migraines or headaches as a MDI. Yet, the ALJ failed to even reference the medical evidence related to Ms. Thompson's migraines, let alone discuss its significance. On this record, it is not clear that the ALJ even considered her headache disorder as a potential MDI.

This Step Two error was compounded when the ALJ determined Ms. Thompson's RFC. Because the ALJ did not recognize her headaches as an MDI, there is no indication that the ALJ considered any potential headache-related limitations in fashioning the RFC. *See* 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2) (explaining that the ALJ considers all known MDIs, severe and non-severe, in assessing a claimant's RFC). Nor did the ALJ consider Ms. Thompson's testimony regarding migraines, even though part of the RFC determination involves assessing the credibility of a claimant's subjective complaints. *Bryant v. Colvin*, 861 F.3d 779, 782 (8th Cir. 2017). Given this incomplete RFC assessment, the ALJ could not properly rely on the VE's testimony as substantial evidence supporting his decision. See *Hulsey v. Astrue*, 622 F.3d 917, 922 (8th Cir. 2010) ("A vocational expert's testimony constitutes substantial evidence when it is based on a hypothetical that accounts for *all* of the claimant's proven impairments.") (emphasis added). Thus, the ALJ's decision is not supported by substantial evidence on the record as a whole.

Ms. Thompson also raises the ALJ's passing dismissal of her alleged glaucoma impairment. Although the record contains numerous references to glaucoma, the only comment the ALJ made was that Ms. Thompson's glaucoma did "not appear to be [a] medically determinable impairment[] currently." *Tr. 18*. Yet, the very next sentence referenced recent complaints of blurry vision in September 2020. *Id*. Although Ms. Thompson testified that she did not believe her glaucoma was the cause of her current vision problems (*Tr. 65*), the ALJ makes no mention of this testimony in his analysis. Perhaps the ALJ relied on Ms. Thompson's testimony in determining that her glaucoma was not a current MDI, but this is unclear. But for the Step Two error related to migraines, it is unlikely the Court would recommend reversal based on this argument. However, on remand, the ALJ may want to explain his basis for finding that Ms. Thompson's glaucoma was not an MDI.

### 2. Medical Opinions

Ms. Thompson also asserts that the ALJ did not properly evaluate the medical opinions of state agency examiners because he failed to make a statement regarding how persuasive he found the opinions to be in assessing her RFC. As part of determining a claimant's RFC, an ALJ is required to evaluate any medical opinions in the administrative record to determine the persuasiveness of each opinion. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The persuasiveness of a medical opinion is based, in large part, on its supportability and its consistency with other evidence in

the record, and the ALJ is required to explain in the final written opinion how these factors were considered in the analysis. *Id*. §§ 404.1520c(b)(2), 416.920c(b)(2).

In this case, the ALJ's evaluation of the medical opinions reads as follows, in its entirety:

> Finally, the [ALJ] has considered the opinions of the state agency medical consultants. However, the record has been supplemented with testimony and additional medical evidence. The [ALJ] finds that the above conclusion regarding the claimant's [RFC] is consistent with the record as a whole.

*Tr. 23*. The Court agrees that this evaluation is particularly cursory. Although the ALJ appears to have implicitly discounted the persuasiveness of the opinions in light of other evidence in the record, he ultimately failed to articulate the supportability and consistency of the opinions or the degree to which he relied on their contents in determining Ms. Thompson's RFC. The ALJ's lack of clarity impedes the Court's ability to review the record on this point and strengthens Ms. Thompson's case for reversal.

On the other hand, the Court is not fully convinced that this error, standing alone, would warrant remand, as Ms. Thompson has not shown that the ALJ would have decided her case differently had he only fully articulated his medical-opinion findings. See *Lucus v. Saul*, 960 F.3d 1066, 1069 (8th Cir. 2020) ("An error is harmless when the claimant fails to provide some indication that the ALJ would have decided differently if the error had not occurred.") (internal quotation omitted). But

8

see *Bonnett v. Kijakazi*, 859 F. App'x 19, 20 (8th Cir. 2021) (unpublished) (per curiam) (remanding based on ALJ's failure to address consistency of medical opinion with other evidence of record in accordance with regulations). In any event, since reversal is warranted in this case regardless of the medical-opinion error, the Court need not determine its legal effect here. On remand, the ALJ should conduct his evaluation of the medical opinions in accordance with 20 C.F.R. §§ 404.1520c, 416.920c.

## IV. CONCLUSION

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be REVERSED and the case be REMANDED for further review.

DATED this 28th day of September, 2022.

_____
UNITED STATES MAGISTRATE JUDGE