IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TERESA THOMPSON**                                                                 **PLAINTIFF**

**V.**                              **CASE NO. 4:21-CV-00966-LPR**

**KILOLO KIJAKAZI, Acting Commissioner,**
**Social Security Administration**                                                  **DEFENDANT**

## ORDER

On January 18, 2023, Plaintiff filed a motion for attorney fees and costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).[1] Plaintiff requested an award of $10,079.14. To support the fee petition, Plaintiff submitted itemized billing entries representing 45.2 hours of work performed during the years 2021 and 2022, at an hourly rate of $222.50. To justify the hourly rate requested, Plaintiff's counsel has attested to figures he derived using the U.S. Department of Labor's Consumer Price Index (CPI).[2]

On January 30, 2023, the parties stipulated to the payment of attorney fees and expenses to Plaintiff in the amount of $8,022.14.[3] Despite the stipulation, the Court is obligated under the EAJA to determine whether the award is reasonable.[4] For the reasons discussed below, Plaintiff's motion is GRANTED in part.

---

[1] Pl.'s Mot. for Attorney Fees (Doc. 14).

[2] *See* Docs. 14–2, 14–3, 14–4.

[3] Stipulation to an Award of Attorney Fees (Doc. 17).

[4] 28 U.S.C. § 2412(b). *See also Design & Prod., Inc. v. United States*, 21 Cl. Ct. 145, 151–52 (1990) ("The key words chosen by the Congress when enacting the EAJA are 'a court shall' and 'unless the court finds'. These are clear words of direction from the Congress to the courts indicating that it is a court's responsibility to determine whether or not and at what level attorney's fees are appropriate in an EAJA case. . . . In accordance with the statutory terms, it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether or not an amount is offered as representing the agreement of the parties in the form of a proposed stipulation.").

Under the EAJA, a prevailing social security claimant is entitled to an award of reasonable attorney fees and expenses unless the Court determines that the Commissioner's position was "substantially justified" or special circumstances would make an award unjust.[5] After carefully reviewing the parties' submissions and the record in this case, the Court finds that Plaintiff is entitled to an attorney fee award pursuant to the EAJA.

On March 29, 1996, the statutory ceiling for EAJA fee awards was set at $125 per hour, and attorney fees cannot exceed this hourly rate unless the Court determines that a higher fee is justified based on an increase in cost of living or another special factor.[6] The decision to increase the hourly rate is not automatic and remains at the discretion of the district court.[7] The Eighth Circuit has stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees" in excess of the statutory ceiling, such as a copy of the Consumer Price Index.[8] Use of the CPI "should result in consistent hourly fee awards in each case, rather than producing disparate fee awards from each court within the district or from different districts within this circuit."[9]

Plaintiff has demonstrated that the CPI justifies a higher hourly rate, and the rate requested is in line with, and even lower than, rates approved by this Court in prior decisions.[10] The Court therefore finds that the requested hourly rate is reasonable.

---

[5] 28 U.S.C. § 2412(d)(1)(A).

[6] *Id*. § 2412(d)(2)(A).

[7] *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir.1989).

[8] *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990).

[9] *Id*.

[10] *See, e.g.*, *Sprawls v. Kijakazi*, No. 4:22-CV-00421, 2023 WL 2330465, at *1 (E.D. Ark. Mar. 2, 2023) (finding $235 to be a reasonable hourly rate for work performed in 2022–2023).

Plaintiff's counsel originally requested payment for 45.2 hours of work in this case. After reviewing the record, the Court found some of the submitted hours to be excessive. That includes the 3 attorney hours spent preparing the IFP motion, complaint, civil cover sheet, and summons.[11] It also includes the 29.6 hours counsel spent preparing the brief in this matter (on top of time billed for conducting a lengthy review of the administrative transcript).[12] However, the parties' stipulation sufficiently addresses the Court's concerns. The negotiated award roughly translates to 36 hours of work at the requested hourly rate—a discount of more than 9 hours of work. With this reduction, the Court is satisfied that the proposed amount compensates Plaintiff's counsel for the hours reasonably expended on the litigation.

Based on the above, the undersigned awards Plaintiff attorney fees under the EAJA in the stipulated amount of $8,022.14. Consistent with the Commissioner's usual procedure in light of *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010), payment of the fees should be issued by check to the order of Plaintiff, in care of her attorney, and mailed directly to Plaintiff's attorney.

IT IS SO ORDERED this 21st day of March 2023.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[11] Pl.'s Mot. for Attorney Fees (Doc. 14) at 26.

[12] *Id*.